NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMRAN AHMED, | No. 15-73416 |
| Petitioner, | Agency No. A208-118-571 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[***] District Judge.

Amran Ahmed, a native of Bangladesh, petitions for review of a Board of

Immigration Appeals ("BIA") order denying his application for asylum and for relief

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

under the Convention Against Torture ("CAT"). Although Ahmed sought withholding of removal in the proceedings before the BIA and the immigration judge ("IJ"), he does not challenge the denial of withholding on appeal. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA's decision partially relies on the IJ's reasoning, we review both decisions. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). We review legal questions de novo and factual findings for substantial evidence. *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We partially dismiss and partially deny the petition.

While this appeal was pending, we granted Ahmed's motion to lift his stay of removal. According to a recent letter from the government, the Department of Homeland Security removed Ahmed from the United States after we lifted the stay. When he left the United States, Ahmed became ineligible for relief under CAT. *See* 8 C.F.R. § 1208.16(c)(4) ("Protection under the Convention Against Torture will be granted either in the form of withholding of removal or in the form of deferral of removal."). We dismiss Ahmed's petition for review of the denial of CAT protection.

We deny Ahmed's petition for review of the denial of asylum. Substantial evidence supports the IJ's adverse credibility determination based on "significant and relevant discrepancies" in Ahmed's application, testimony, and interview with an officer of the Department of Homeland Security. *Lata v. I.N.S.*, 204 F.3d 1241,

1245 (9th Cir. 2000). The IJ "provid[ed] specific instances in the record that form[ed] the basis [for her] adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). Ahmed's explanations do not compel a contrary result. 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence also supports the IJ's finding that Ahmed's mistreatment did not rise to the level of persecution, and that Ahmed failed to show a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006). The fact that Ahmed's attackers said nothing during the attacks, and that Ahmed described one beating as "not that much," support those findings. Ahmed failed to present "credible, direct, and specific evidence in the record of facts that would support a reasonable fear" that he would be persecuted by members of the Awami League. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (internal quotation marks and citation omitted).

**PETITION DISMISSED IN PART AND DENIED IN PART.**